33 F.3d 64
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Arthur C. HARTMAN, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 93-7114.
 United States Court of Appeals, Federal Circuit.
 Feb. 3, 1994.
 
 Before MAYER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and SCHALL, Circuit Judge.
 ON MOTION
 ORDER
 SCHALL, Circuit Judge.
 
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Arthur C. Hartman's appeal for lack of jurisdiction. Hartman has not filed a response.
 
 
 2
 Hartman served in the United States Navy between 1952 and 1971. In 1978, Hartman sought service connection for trichinosis and for an eye disorder. The regional office denied Hartman's claim. In 1991, Hartman sought to reopen the previously denied claim and sought entitlement to service connection for hypertension, hearing loss, back disorder, and hydrocele. The Board of Veterans Appeals denied Hartman's claim in its entirety.
 
 
 3
 Hartman seeks review of the May 27, 1993 decision of the Court of Veterans Appeals (1) affirming the Board of Veteran Appeal's denial of Hartman's claim for service connection for hypertension, hearing loss, residuals of a back injury, and hydrocele and (2) reversing the Board's decision that Hartman did not submit new and material evidence sufficient to reopen his claim for service connection for trichinosis and an eye disorder, and (3) remanding the latter claim to the Board. Before this court, Hartman may only seek review of the Court of Veterans Appeals' affirmance of the Board's denial of service connection for hypertension, hearing loss, residuals of a back injury, and hydrocele.
 
 
 4
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 5
 Hartman argues in his informal brief that the Court of Veterans Appeals should reconsider his case because certain medical records were missing from the original proceedings and these medical records "indicate problems that are occurring today." Hartman's appeal thus amounts to a request for review of factual findings. As this court has no jurisdiction to conduct such an inquiry, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 8
 (2) The Secretary's motion to dismiss is granted.
 
 
 9
 (3) Each side shall bear its own costs.